**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Martinsburg**

**MICHAEL L. BLICKENSTAFF,**

        Petitioner,

**v.**                                                  **CIVIL ACTION NO. 3:22-CV-69**
                                                                         Judge Bailey

**DONALD F. AMES,** Superintendent,
Mount Olive Correctional Complex**,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On April 14, 2022, petitioner, acting *pro se*, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. [Doc. 1]. On June 8, 2022, this Court entered an Order to Show Cause, directing respondent to file an answer. [Doc. 10]. On July 6, 2022, respondent filed a Motion to Dismiss and For Summary Judgment. [Doc. 13]. On September 13, 2022, the undersigned entered a Report and Recommendation finding that the petition was a mixed petition and recommending the petition be dismissed without prejudice, unless within the time for filing objections petitioner notified the Court in writing that he wished to amend his petition to delete the unexhausted claims. [Doc. 25]. On September 26, 2022, petitioner filed a Motion to Amend seeking to drop the unexhausted claim. [Doc. 28]. On October 20, 2022, following a motion for reconsideration, Judge Bailey entered an order declining to adopt the Report and Recommendation, allowing petitioner to amend his petition to delete the

1

unexhausted claim, and remanding the matter back to the undersigned for a Report and Recommendation on the remaining claim. The matter is now pending before this Court for a review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2. For the reasons that follow, the undersigned recommends that the Motion to Dismiss and for Summary Judgment be granted.

## II. FACTUAL AND PROCEDURAL HISTORY[1]

**A.   Conviction and Sentence**

As summarized by the West Virginia Supreme Court of Appeals ("WVSCA"),

> Petitioner's conviction arises from events occurring on August 25, 2014. On that day, he rode with Nicole M., his child's mother, to take the couple's child to daycare. During the trip, petitioner threatened Nicole M. with a knife and took over driving the vehicle. He drove for five hours with Nicole M. and the child through Maryland, West Virginia, and Virginia. During the drive, petitioner threatened to stab Nicole M., threatened to carve his initials into Nicole M.'s forehead, cut Nicole M.'s neck with the knife, and punched Nicole M.'s mouth, causing a tooth to break through her upper lip. Nicole M. did not physically resist petitioner when he took control of the vehicle or during the drive. At the conclusion of the five-hour drive, petitioner returned Nicole M. and the child to Nicole M.'s apartment in Maryland. Nicole M. reported the incident to law enforcement the following day, and petitioner was indicted in Maryland and West Virginia on crimes arising from the incident.
>     Petitioner was convicted of false imprisonment in Maryland and then extradited to West Virginia to stand trial on one count of kidnapping. Before his trial in West Virginia, petitioner filed a motion asking the West Virginia trial court to dismiss the case on the ground that he was illegally extradited to West Virginia. The trial court denied the motion.
>         . . .
>     At the conclusion of his trial, petitioner was convicted of kidnapping and sentenced to life in prison without mercy.

***Blickenstaff v. Ames***, No. 20-0176, 2022 WL 123118, at *1–2 (W.Va. Jan. 12, 2022).

---

[1] The majority of this section is taken from the undersigned's September 13, 2022 Report and Recommendation.

**B.     Direct Appeal**

On appeal, petitioner argued that the district court erred by admitting expert testimony related to domestic victims' compliance with abusers and by admitting a prior conviction for second-degree assault against Nicole M.  The Court found no reversible error.  In regard to petitioner's argument on the expert witness, the WVSCA found that he had failed to raise a timely and specific objection to the testimony.  *See* ***State v. Blickenstaff***, 239 W.Va. 627, 804 S.E.2d 887 (2017).

**C.     State Habeas Corpus Petition and Appeal**

The petitioner filed a *pro se* petition for habeas corpus in the Circuit Court of Jefferson County on March 16, 2018, and by counsel filed an amended petition September 24, 2018.  *See* [Doc. 13-21].  Petitioner asserted several grounds for relief: first, that he received ineffective assistance of counsel.  Petitioner argued that his counsel was ineffective by failing to object to the state's expert witness, by failing to retain an expert witness for petitioner, by failing to instruct the jury regarding the kidnapping charge, and by failing to provide lesser-included offenses to the jury.  Second, that his sentence violated the Eighth Amendment of the United States Constitution and Article III of the West Virginia Constitution.  Third, that his due process rights were violated when the trial court admitted his prior conviction into evidence.  Fourth, that the extradition process from Maryland to West Virginia was flawed.  Finally, that his constitutional rights were violated due to cumulative error.  *See* [Doc. 13-22].  By order dated January 29, 2020, the circuit court denied the petition.  [Doc. 13-23].  Petitioner appealed to the WVSCA.  On appeal, petitioner raised three assignments of error: first, that the circuit court erred by not holding an evidentiary hearing to determine the validity of petitioner's ***Losh*** list; second, that his

extradition from Maryland to West Virginia was illegal; and third, that the court erred by denying his relief on the ineffective assistance claims on the basis that his contentions lacked factual support. [Doc. 13-24]. Notably, petitioner did not assert the underlying ineffective assistance claim; rather, he contended that it was error for the circuit court to not conduct an evidentiary hearing. On January 12, 2022, the WVSCA affirmed the circuit court's decision. *Blickenstaff v. Ames*, No. 20-0176, 2022 WL 123118 (W.Va. Jan. 12, 2022).

### D.     Instant Petition

On April 14, 2022, petitioner filed the instant petition. Petitioner raises two grounds for relief. First, petitioner contends his counsel was ineffective. Specifically, he argues his trial counsel was ineffective by failing to object to the relevancy and prejudice of expert testimony, failed to retain a rebuttal expert, failed to request a jury instruction on lesser-included offenses, and failed to offer a proper jury instruction. [Doc. 1 at 6]. Second, that his extradition from Maryland to West Virginia violated his constitutional rights because he was denied counsel during the extradition process and because West Virginia failed to bring him to trial within the 180-day time frame set by the Interstate Agreement on Detainers Act ("IADA"). [Id. at 8]. On July 6, 2022, respondent filed a Motion to Dismiss and For Summary Judgment. [Doc. 13]. In his memorandum in support, respondent argues that petitioner has failed to fully exhaust his ineffective assistance claim, that even if it were fully exhausted, the claim is without merit, and that his IADA claim is not cognizable because petitioner has not alleged any prejudice.

On September 13, 2022, the undersigned found that the ineffective assistance claims were not exhausted and that the petition was a mixed petition, and recommended

4

dismissal.  On October 20, 2022, Judge Bailey entered an order allowing petitioner to delete his unexhausted claims and proceed only on his exhausted claim and referred this matter back to the undersigned to enter a report and recommendation on the remaining IADA claim.

### III.  LEGAL STANDARD

**A.     Motions to Dismiss**

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face."  **Bell Atl. Corp. v. Twombly**, 550 U.S. 554, 570 (2007) (emphasis added).  See also **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008).  When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs.  **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice.  **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995).  In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," **Id**. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible."  **Id**. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." **Williams v. Branker**, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." **Witthohn v. Fed. Ins. Co.**, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396–97.

**B.   Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see* **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." **Anderson**, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts*.*" **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary

6

judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); **Celotex Corp.**, 477 U.S. at 323–25; **Anderson**, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." **Anderson**, 477 U.S. at 249 (citations omitted).

Finally, this Court notes that *pro se* allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

**C.     Petitions for Habeas Corpus Under 28 U.S.C. § 2254**

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in state custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When determining the merits of a § 2254 petition, the district court applies the standards set forth in § 2254(d), which provides that the habeas petition of a person in State custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim—
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Moreover, the factual determinations by the state courts are presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Therefore, when reviewing a petition for habeas relief, a federal court uses the "highly deferential lens" mandated by the AEDPA. **DeCastro v. Branker**, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." **Thomas v. Davis**, 192 F.3d 445, 455 (4th Cir. 1999). The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have separate and independent meanings. **Williams v. Taylor**, 529 U.S. 362, 364 (2000). A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." **Lewis v. Wheeler**, 609 F.3d 291, 300 (4th Cir. 2010) (quoting **Williams**, 529 U.S. at 405) (internal quotations omitted). A writ of habeas corpus may be granted under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." *Id*. at 300--01 (internal marks omitted).

Therefore, the AEDPA limits the habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision. "[A] federal habeas court may not grant relief simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously

8

or incorrectly. Rather, the application must also be unreasonable." *Williams*, 529 U.S. at 365.

## IV.  ANALYSIS

Petitioner's only remaining claim is that his extradition from Maryland to West Virginia violated his Sixth and Fourteenth Amendment Rights. He contends that he was denied counsel during the extradition process and that West Virginia failed to bring him to trial within the 180-day time frame. As the Supreme Court has summarized,

> The Interstate Agreement on Detainers Act (IAD), 18 U.S.C.App. § 2, is a compact among 48 States, the District of Columbia, and the Federal Government. It enables a participating State to gain custody of a prisoner incarcerated in another jurisdiction, in order to try him on criminal charges. Article IV(c) of the IAD provides that trial of a transferred prisoner "shall be commenced within one hundred and twenty days of the arrival of the prisoner in the receiving State, but for good cause shown in open court, ... the court having jurisdiction of the matter may grant any necessary or reasonable continuance." IAD Article V(c) states that when trial does not occur within the time prescribed, the charges shall be dismissed with prejudice.

*Reed v. Farley*, 512 U.S. 339, 341–42 (1994). The IADA claim has two "speedy trial" provisions. First, Article III(a) of the IADA requires that a prisoner against whom a detainer has been lodged be tried within 180 days of the prosecuting State's receipt of the prisoner's notice requesting speedy disposition of the charges. *See Fex v. Michigan*, 507 U.S. 43 (1993). Second, Article IV(c) requires that trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state. However, in addressing the "speedy trial" provisions, the Supreme Court held that "a state court's failure to observe the 120-day rule of IAD Article IV(c) is not cognizable under § 2254 when the defendant registered no objection to the trial date at the time it was set, and suffered no prejudice attributable to the delayed commencement." *Reed*. at 342; *see also* ***Kerr v. Finkbeiner***,

757 F.2d 604, 607 (4th Cir. 1985) (holding that a violation of the Article III(a) 180-day provision does not constitute a fundamental defect entitling a petitioner to relief under § 2254).

Here, there is no indication in the record, nor does petitioner allege, that he raised any objection to the trial date in his case, nor does he provide any reason as to how he was prejudiced by the delay. Accordingly, his claim as to the state's failure to try him within the time frame set by the IADA is not cognizable under § 2254.

Petitioner also complains that he was not afforded counsel during the extradition process in Maryland. "The Sixth Amendment does not mandate a right to counsel in such proceedings, since 'an extradition hearing has a modest function not involving the question of guilt or innocence.'" **United States v. Doherty**, 126 F.3d 769, 782 (6th Cir. 1997), *abrogated on other grounds* by **Texas v. Cobb**, 532 U.S. 162 (2001); quoting **Judd v. Vose**, 813 F.2d 494, 497 (1st Cir. 1987). Further, on petitioner's state habeas appeal, the WVSCA rejected petitioner's challenge to the lack of counsel at his extradition hearing in Maryland, as "the regularity of extradition proceedings may be attacked only in the asylum state; after an alleged fugitive has been delivered into the jurisdiction of the demanding state, the proceedings may not be challenged." **Blickenstaff v. Ames**, No. 20-0176, 2022 WL 123118, at *6 (W.Va. Jan. 12, 2022) (quoting **State v. Flint**, 171 W.Va. 676, 683, 301 S.E.2d 765, 772 (1983)). Petitioner provides nothing to show that the WVSCA's finding was contrary to or involved an unreasonable application of clearly established federal law, and the undersigned finds none.

## V. RECOMMENDATION

For the reasons previously set forth, the undersigned recommends that the Respondent's Motion to Dismiss and for Summary Judgment [**Doc. 13**] be **GRANTED** and Petitioner's § 2254 Petition for a Writ of Habeas Corpus [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**. A copy of any objections shall also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

**DATED**: October 27, 2022.

*/s. James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE