IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg

**MICHAEL L. BLICKENSTAFF**,

        Petitioner,

v.                                                                          **Civil Action No. 3:22-CV-69**
                                                                             Judge Bailey

**DONALD F. AMES**,
Superintendent, Mount Olive
Correctional Complex,

        Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pending before this Court is a Report and Recommendation ("R&R") [Doc. 33] issued by United States Magistrate Judge James P. Mazzone. Therein, the magistrate judge recommended that Respondent's Motion to Dismiss and for Summary Judgment [Doc. 13] be granted, and Petitioner's § 2254 Petition for a Writ of Habeas Corpus [Doc. 1] be denied and dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and

1

conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his Objections [Doc. 34] on November 9, 2022. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

Petitioner's sole objection centers on his contention that the state failed to provide him counsel during an extradition process from Maryland to West Virginia. [Doc. 34 at 1]. Because of this purported failure, petitioner claims he was prevented from contesting the extradition process and raising objections. [Id.]. A *de novo* review of the R&R reveals that the magistrate judge properly concluded that "[t]he Sixth Amendment does not mandate a right to counsel in such proceedings, since 'an extradition hearing has a modest function not involving the question of guilt or innocence.'" [Doc. 33 at 10] (citing **United States v.**

2

*Doherty*, 126 F.3d 769, 782 (6th Cir. 1997), *abrogated on other grounds by* ***Texas v. Cobb***, 532 U.S. 162 (2001); *see also* ***Judd v. Vose***, 813 F.2d 494, 497 (1st Cir. 1987). In this regard, the magistrate judge also correctly noted that on petitioner's state habeas appeal, the Supreme Court of Appeals of West Virginia rejected petitioner's challenge to his lack of counsel at his extradition hearing in Maryland, as "the regularity of extradition proceedings may be attacked only in the asylum state; after an alleged fugitive has been delivered into the jurisdiction of the demanding state, the proceedings may not be challenged." [Doc. 33 at 10] (citing ***Blickenstaff v. Ames***, 2022 WL 123118, at *6 (W.Va. Jan. 12, 2022) (memorandum decision) (quoting ***State v. Flint***, 171 W.Va. 676, 683, 301 S.E.2d 765, 772 (1983))). Petitioner's objections do nothing to demonstrate that the magistrate judge erred factually or legally in the entry of his R&R; moreover, petitioner provides nothing to show that the Supreme Court of Appeal of West Virginia's rejection of his claims was contrary to, or involved an unreasonable application of, clearly established federal law.

Accordingly, the R&R [**Doc. 33**] is **ADOPTED**, and Respondent's Motion to Dismiss and for Summary Judgment [**Doc. 13**] is **GRANTED**. Accordingly, Petitioner's § 2254 Petition for a Writ of Habeas Corpus [**Doc. 1**] is **DENIED** and **DISMISSED WITH PREJUDICE**.

An appeal may not be taken from the final order in a § 2254 proceeding unless the district court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of

3

a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make this showing and, accordingly, this Court **DECLINES** to issue a certificate of appealability.

The Clerk is instructed to **STRIKE** this matter from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to petitioner and to transmit copies to all counsel of record herein.

**DATED**: November 9, 2022.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**